UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TYRONE CURRY,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
OFFICER SMITH, NEW YORK CITY POLICE
SERGEANT JERRY WALSH, NEW YORK CITY
POLICE INSPECTOR DiPOLO, NEW YORK CITY
PROPERTY CLERK'S OFFICE, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD JUDGE
JOEL TUCKER, NEW YORK CITY DEPARTMENT OF
FINANCE, and NEW YORK CITY DEPARTMENT OF
CONSUMER AFFAIRS,

                        Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5847 (SLT) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 14, 2011
P.M.
TIME A.M.

**TOWNES, United States District Judge:**

On December 16, 2010, plaintiff Tyrone Curry, a street vendor, commenced this *pro se* action by filing a complaint, a request to proceed *in forma pauperis*, a proposed order directing defendants to show cause why certain injunctive relief should not be granted and a two-page affirmation in support of his request for injunctive relief. The caption of the case varies from document to document, and a list of parties set forth on pages 2 and 3 of the complaint is inconsistent with the various captions. However, the documents suggest that plaintiff may be attempting to sue as many as eleven defendants: the City of New York, the New York City Police Department (the "NYPD"), the "New York City Property Clerk's Office," the New York City Environmental Control Board ("ECB"), the New York City Department of Finance ("DOF"), the New York City Department of Consumer Affairs ("DCA"), ECB Judge Joel Tucker, the

Comptroller of the City of New York and three NYPD employees: Inspector DiPolo, Sergeant Jerry Walsh and Officer Smith.[1] Pursuant to 28 U.S.C. § 1915(e)(2), this Court has reviewed this complaint and, for the reasons set forth below, has determined that defendant Judge Tucker enjoys absolute judicial immunity and that defendants NYPD, ECB, DOF, DCA and the "New York City Property Clerk's Office" are not suable entities. The Court directs plaintiff to file an amended complaint with respect to the remaining defendants within thirty (30) days of the date of this Memorandum and Order.

## BACKGROUND

In its previous Memorandum and Order, dated December 20, 2010 (the "Prior Order"), this Court gleaned the following facts from plaintiff's twelve-page handwritten complaint. The truth of these facts is assumed solely for purposes of this Memorandum and Order.

Plaintiff is a street vendor who works on the streets of New York City. On or before November 21, 2010, defendant Sergeant Jerry Walsh issued an ECB summons to "a vender [*sic*] who only sells items of a protect[ed] class nature, such as art, books, visual art, [and/or] music . . . created personally," but "refused to issue a property invoice" (Complaint at 5). Although plaintiff does not specifically identify the vendor, this Court will assume that plaintiff was the vendor and that Sgt. Walsh seized his wares. It is unclear where plaintiff was displaying his wares at the time they were confiscated, although plaintiff implies that he may have been on a

---

[1]Although the caption of plaintiff's complaint names the "New York City Property Clerk's Office" as a defendant, the body of plaintiff's complaint suggests that plaintiff intends to sue one of the NYPD's Property Clerk's Offices. Since this defendant is, in either event, an agency of the City of New York, this Court need not ascertain precisely which entity plaintiff intends to sue.

public sidewalk on Fulton Street, somewhere between Court Street and Flatbush Avenue, in Brooklyn (*Id.* at 10).

Because Sgt. Walsh refused to issue plaintiff a property invoice as required under section 218.30 of the New York City Patrol Guide (*Id.* at 5), plaintiff apparently had to file a complaint of some sort on November 21, 2010, to learn the invoice number. However, when plaintiff attempted to locate his property using that invoice number, no record of that number "could . . . be found in the system or log book" (*Id.* at 6). After filing additional complaints, plaintiff ascertained that his property had been invoiced under another number and succeeded in obtaining copies of the new invoice (*Id.* at 6).

On November 22, 2010, plaintiff appeared at the ECB Office at 233 Schermerhorn Street, Brooklyn, demanding a hearing which would enable him to recover his property. Although plaintiff believed that unspecified ECB rules guaranteed him a hearing that same day, defendant Judge Tucker refused to conduct one, then threatened to call security officers to remove him from the building (*Id.* at 7). Plaintiff called "911" to file a complaint, then went to the ECB Office in Manhattan where he received a hearing that same day (*Id.*).

Although plaintiff's submissions include a copy of a decision and order issued by an ECB administrative law judge in an unrelated case, plaintiff does not attach, or adequately describe, the decision in his case. One portion of the complaint implies that the ECB judge ruled in his favor, stating that the NYPD Property Clerk "is demanding proof of payment for return of [the] property," even though the invoice itself provides for release of property upon presentment of an "order/decision" (*Id.* at 8). Another portion of the complaint, however, suggests that plaintiff may have been found to have violated "a street restriction" (*id.* at 8), and ordered to pay a fine.

It is also unclear whether plaintiff ever paid a fine. As noted above, plaintiff complains that the Property Clerk's Office is improperly "demanding proof of payment for return of [the] property" (*id.*), implying that no payment was owed. However, other portions of the complaint suggest that a "payment receipt" was issued to plaintiff by the DOF, but that this receipt incorrectly indicated that plaintiff was satisfying a "sanitation fine[]" (*Id.* at 8, 11).

On December 16, 2010, plaintiff commenced this action by filing a complaint, a request to proceed *in forma pauperis*, a proposed order directing defendants to show cause why certain injunctive relief should not be granted and a two-page affirmation in support of his request for injunctive relief. On December 20, 2010, the Court granted plaintiff's application to proceed *in forma pauperis* but denied without prejudice plaintiff's application for a temporary restraining order ("TRO") and an order to show cause.

Plaintiff's complaint does not articulate a basis for jurisdiction. However, by citing to *Bery v. City of New York* and *Lederman v. City of New York* – cases in which artists and "expressive-matter vendors" have challenged New York City Rules and Regulations on First Amendment grounds – the complaint suggests that plaintiff is principally asserting that defendants' actions violated his First Amendment rights. The complaint appears to seek both declaratory relief in the form of an order declaring that he and his fellow vendors have a "constitutional right to sell protected class items on the sidewalks" of New York City (*id.* at 9), and injunctive relief, prohibiting the NYPD from issuing "ECB summonses" to plaintiff and his fellow vendors, prohibiting the ECB from "holding illegal hearings" regarding these summonses; preventing the DOF from collecting fines assessed at these hearings, and directing the Property Clerk's Office to return the seized property (*id.* at 9-12).

4

## DISCUSSION

### *Standard of Review*

Title 28, Section 1915(e)(2)(B), of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. However, a document filed *pro se* is to be liberally construed, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

### *Immunity from Suit*

In reviewing plaintiff's complaint in this case, it is readily apparent that some of the defendants named by plaintiff are either immune from suit or are not suable entities. First, "[i]t is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Since this "judicial immunity is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself,'" *id.* (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)), "judicial immunity is an immunity from suit, not just from the ultimate assessment of damages."

*Mireles v. Waco,* 502 U.S. 9, 11 (1991) (*per curiam*). Moreover, "judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Pierson v. Ray,* 386 U.S. 547, 554 (1967) (immunity applies even when the judge is accused of acting maliciously and corruptly)).

In determining which persons are covered by judicial immunity, courts employ "a functional approach, under which [a]bsolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." *Oliva v. Heller,* 839 F.2d 37, 39 (2d Cir. 1988) (internal quotation marks and citations omitted). Using this approach, federal courts have held that both federal and state administrative law judges are absolutely immune for acts undertaken in their official capacities. *See Butz v. Economou,* 438 U.S. 478, 513 (1978) ("[T]he role of the modern federal hearing examiner or administrative law judge . . . is 'functionally comparable' to that of a judge."); *Bey v. State of New York,* No. 10-CV-1446 (NGG), 2010 WL 1688066, at *3 ( E.D.N.Y. Apr. 21, 2010) (absolute judicial immunity would bar any claims for damages against New York City Administrative Law Judges).

In this case, the facts alleged by plaintiff indicate that defendant Judge Tucker was acting in his official capacity when he refused to conduct a hearing and threatened to have plaintiff removed from the building. Even if Judge Tucker's actions and/or omissions were entirely improper, and due to bad faith or malice towards plaintiff, the judge would nonetheless be entitled to absolute immunity. *See Bey,* 2010 WL 1688066, at *3. Accordingly, plaintiff's claims against Judge Tucker are dismissed.

Second, the NYPD, the ECB, the DOF, the DCA and the New York City Property Clerk's Office are all agencies of the City of New York and are not suable entities. *Lauro v. Charles*, 219 F.3d 202, 205 n. 2 (2d Cir. 2000); *McCray v. New York City Police Dep't*, No. 99-CV-7035, 2008 WL 207845, at *1 (E.D.N.Y. Jan. 24, 2008) (citing cases); N.Y.C. Charter, Ch. 17, § 396. Since any claims against these agencies are properly brought against the City of New York, the NYPD, the ECB, the DOF, the DCA and the New York City Property Clerk's Office are all dismissed from this action.[2]

*Failure to State a Claim*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (brackets omitted)).

Although plaintiff does not specify the basis for federal question jurisdiction, plaintiff's claims against the individuals named as defendants in this action may be brought under 42 U.S.C. § 1983 ("§ 1983"). This section creates no substantive rights, but provides "a procedure

---

[2]This discussion should not be read as implying that plaintiff has a viable cause of action against the City of New York. In order to recover from a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 124-25 (2d Cir. 2004). It is unclear from the complaint whether plaintiff is alleging the agencies in question acted in accordance with, or in disregard of, the City's officially adopted polices and customs.

7

for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that this conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). In addition, it is well settled that defendants named in a §1983 action must be personally involved in the alleged violations of the plaintiff's rights in order to be liable for damages under §1983. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). A plaintiff cannot base a defendant's liability on *respondeat superior* or on "linkage in the . . . chain of command." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)).

In this case, there is no question that all four of the individuals who are listed as defendants in this action – the Comptroller of the City of New York and the three NYPD employees: Inspector DiPolo, Sgt. Walsh and Officer Smith – may be persons acting under color of state law. In addition, as noted on page 4, *ante*, this Court suspects, based on plaintiff's reference to *Bery* and *Lederman*, that plaintiff is principally asserting that these defendants' actions or omissions violated his First Amendment rights. However, plaintiff's allegations nonetheless currently fail to state a claim against the individual defendants.

First, as noted in this Court's Prior Order, plaintiff has not alleged facts sufficient to show that *his* First Amendment rights have been violated. *See Curry v. City of New York*, No. 10-CV-5847 (SLT)(LB), slip op. at 6 (E.D.N.Y. Dec. 20, 2010). In *Bery v. City of New York*, 97 F.3d 689, 698 (2d Cir. 1996), the Second Circuit ruled that New York City Administrative Code § 20-453, which required street vendors to be licensed, violated the First Amendment rights of persons

seeking to sell their artwork in public spaces. However, the Second Circuit's subsequent decision in *Mastrovincenzo v. City of New York*, 435 F.3d 78, 103 (2d Cir. 2006), made clear that the injunction entered into by the City in the *Bery* case did not cover the sellers of all items that may properly be considered "expressive merchandise." Furthermore, even though "expressive-matter" vendors may not need a license to sell their wares, they are still subject to time, place and manner restrictions of the General Vendors Laws. *See Lederman v. New York City Dept. of Parks & Recreation*, Nos. 10 Civ. 4800 & 5185, 2010 WL 2813789, at *7 (S.D.N.Y. July 16, 2010).

In this case, plaintiff has not identified the items he sells. Even assuming that plaintiff is the vendor mentioned on page 5 of the complaint, to whom Sgt. Walsh issued an ECB summons, plaintiff's complaint only conclusorily alleges that plaintiff "sells items of a protect[ed] class nature." Complaint at 5. In addition, plaintiff does not allege specifically where he was located at the time Walsh issued him a summons, or provide any details concerning that summons or its subsequent adjudication. Accordingly, it is unclear whether plaintiff is even protected by the *Bery* injunction or whether the summons issued by Sgt. Walsh alleged that plaintiff violated a time, place and manner restriction.

In addition, plaintiff has not alleged facts to indicate that the Comptroller, Inspector DiPolo and Officer Smith were personally involved in the alleged violations of plaintiff's constitutional rights. First, although Officer Smith is named as a defendant in the caption of plaintiff's complaint and the Comptroller may be included in a listing of the defendants, the body of plaintiff's pleading makes no reference to these two defendants. Accordingly, it is unclear what these two defendants did, or failed to do, that allegedly violated plaintiff's federal constitutional or statutory rights.

Second, while the body of plaintiff's complaint refers to Inspector DiPolo, the complaint does not state precisely what this defendant did or failed to do. Plaintiff alleges that he brought some unspecified "problem" to Inspector DiPolo's attention during a Police Community Council meeting at 20 Jay Street, but that the "problem" later became worse. Complaint at 7. However, because plaintiff alleges that this meeting took place on either October or November 7, 2010 – presumably, before Walsh issued plaintiff the summons – it is unclear precisely what "problem" the inspector is alleged to have failed to resolve.

## *CONCLUSION*

For the reasons set forth above, plaintiff's claims against defendants Judge Joel Tucker, the New York Police Department, the New York City Environmental Control Board, the New York City Department of Finance, the New York City Department of Consumer Affairs, and the New York City Property Clerk's Office are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue as to these defendants.

With respect to the remaining defendants, the Court directs plaintiff to file an amended complaint within thirty (30) days of the date of this Memorandum and Order in order to more fully explain the basis of his claims against them. Plaintiff must make specific allegations with respect to each individual defendant, and must explain what action each person took or failed to take that allegedly violated plaintiff's federal constitutional or statutory rights. In addition, if plaintiff has a basis to include the City of New York as a defendant, he must provide facts suggesting that an officially adopted policy or custom deprived him of a constitutional right.

If plaintiff elects to file an amended complaint, it shall be captioned, "Amended Complaint," and bear the docket number 10-CV-5847 (SLT)(LB). All further proceedings shall be stayed for thirty days or until plaintiff has complied with this Memorandum and Order. If

plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, this action shall be dismissed without prejudice against the remaining defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: January 13, 2011
Brooklyn, New York